IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:9500019-4 LPR |
| | ) | |
| EARNES LEE SMITH | ) | |

## SUPPLEMENTAL BRIEF OF THE UNITED STATES

In accordance with this Court's order of April 23, 2020, the United States of America, by and through its counsel, Cody Hiland, United States Attorney for the Eastern District of Arkansas, and Patrick Harris, Assistant United States Attorney for said district, for its supplemental brief respectfully states as follows.

### I.  Background

On August 29, 1996, the defendant was sentenced to life in the Bureau of Prisons for aiding and abetting in the use of interstate commerce facilities in the commission of murder-for-hire, in violation of 18 U.S.C. § 1958. *See United States v. Davidson*, 122 F.3d 531 (8th Cir. 1997); (Earnes Lee Smith PSR). Of relevance in this matter, the defendant filed a motion for compassionate release with the warden of his facility on June 11, 2018. The request was denied. On October 16, 2018, the defendant filed an appeal from the denial with the Bureau of Prisons (BOP) Central Office. That appeal was denied on December 4, 2018.

The defendant subsequently filed a motion for appointment of counsel to file a compassionate release request on January 22, 2019. (DCD 426). That motion was denied on January 23, 2019. (DCD 427). The defendant filed another request for compassionate release with the facility in the spring of 2019. The request was dated March 14, 2019, and marked received on

April 15, 2019. That request was denied on April 25, 2019. The defendant filed the instant motion for compassionate release with this Court on April 7, 2020.

On April 28, 2020, the United States was advised by the defendant's case manager that the defendant filed a request with the warden requesting compassionate release based on his medical conditions, his age, and the COVID-19 pandemic on April 22, 2020.  The United States has provided a copy of the defendant's request to counsel for the defendant.

This Court has instructed the parties to submit simultaneous briefs addressing the issue of whether it should look to the Spring 2019 request by the defendant as opposed to the Fall 2018 request in determining whether it may address the merits of the defendant's April 7, 2020 motion. The United States respectfully asserts that neither of the previous requests can be used to satisfy the jurisdictional requirements for the instant motion. This is because the request made in the April 7, 2020 motion is fundamentally different from the requests made in 2018 and 2019, necessitating that BOP be given the opportunity to consider this request before this Court may do so. As the defendant has now submitted a request with the warden that includes the COVID-19 pandemic, the 30-day clock for exhaustion purposes began on April 22, 2020.

## II.  Law and Argument

The defendant's 2018 request was based on his age and various health conditions. His 2019 request was, likewise, premised on his age and medical conditions. While the instant motion does reference the defendant's age and medical conditions, it does so for a different reason. Instead of those factors being the sole basis on which release was sought, as with the prior motions, the instant motion seeks release based on how those conditions impact the defendant's vulnerability to COVID-19. In other words, it is now not the existence of the defendant's health conditions, but rather how those conditions impact his vulnerability to COVID-19 that forms the basis for the

defendant's motion. This is an entirely separate request from the ones made previously, and one that the BOP has not yet had 30 days to consider.

The fact that this motion is making an entirely different request than the requests in 2018 and 2019 is evident from the motion itself. "[The defendant's] health condition is exacerbated by the elevated risk of dying from coronavirus in his institutional setting." (Def's Motion, p. 1). "[T]he determination now as to whether he should have to die in prison is '*qualitatively different*.'" *Id.* (emphasis supplied). These statements, and others in the motion, make it clear that the defendant is now seeking release based on the existence of COVID-19, a circumstance that could not have formed the basis for his 2018 or 2019 requests. Further, the defendant's claim that an "extraordinary and compelling reason" for release exists is based entirely on the current pandemic. Because the basis for this request is fundamentally different from the bases asserted in the 2018 and 2019 requests, BOP must be first be given the opportunity to consider it before the defendant may seek relief in this Court.

Other district courts that have considered this issue have determined that a request for compassionate release based on COVID-19 must first be made to BOP. In *United States v. Mogavero*, 2020 WL 1853754, at *2 (D. Nev. Apr. 13, 2020), the district court found, "Proper exhaustion necessarily requires the inmate to present the same factual basis for the compassionate-release request to the warden. Indeed, 28 C.F.R. § 571.61, which outlines the process for submitting a § 3582(c)(1)(A) request to the warden, requires the request to contain, 'at a minimum . . . [t]he extraordinary or compelling circumstances that the inmate believes warrant consideration.'"  In concluding that the defendant failed to exhaust the administrative process, which alone justified denial of the motion, the district court noted that the defendant's motion was based on "cancer plus COVID-19 exposure risks—and not merely her cancer diagnosis—but this

new calculus was not presented to the warden." *Id. See also United States v. Walls*, No. 92-CR-80236, 2020 WL 1934963, at *3 (E.D. Mich. Apr. 22, 2020) ("There is no evidence that the defendant has complied with § 3582(c)(1)(A)'s exhaustion requirement for his most recent motion based on COVID-19. Even if the defendant had exhausted the administrative remedies in earlier years, that filing predated both the COVID-19 crisis and the new directives under which the Bureau of Prisons is now operating in response to the pandemic. It did not address the combination of the COVID-19 pandemic and his various ailments. Thus, any previous motion for compassionate release—which 'did not mention [the] COVID-19 concerns' that 'are central to this [most recent] motion'—does not satisfy § 3582(c)(1)(A)'s requirements[.]"); *United States v. Jenkins*, 2020 WL 1872568, at *1 (D. Neb. Apr. 14, 2020) ("[T]he Court does not view the administrative exhaustion of an initial request for compassionate release as serving to discharge that requirement for subsequent requests based on different evidence and argument. Simply put, the Court cannot consider a motion for compassionate release that is based on evidence or arguments that weren't presented to the Bureau of Prisons first.") (citing *McAlphin v. Morgan*, 216 F.3d 680, 682 (8th Cir. 2000) ( holding the prisoner did not satisfy his burden of showing that he exhausted available administrative remedies and dismissing the § 1983 complaint without prejudice)); *United States v. Valenta*, 2020 WL 1689786, at *1 (W.D. Pa. Apr. 7, 2020) ("One of the purposes for requiring prisoners to exhaust their administrative remedies before bringing a claim in federal court is to give the BOP an opportunity to address the issue. *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006). To properly exhaust administrative remedies, therefore, the administrative complaint must raise the same claims asserted in the federal court filing.").

Due to the changes wrought by the current pandemic and legislation passed in response to the pandemic that are outlined in detail in the response to the defendant's motion, it is imperative

that inmates seeking compassionate release as a result of the pandemic first submit their requests to BOP for consideration. The defendant admittedly failed to submit his current request to BOP prior to filing his motion, and neither his 2018 request nor his 2019 request are sufficient to satisfy the exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A). The BOP now has the opportunity to consider the request in light of the defendant's April 22, 2020 submission.

If the defendant claims that the Court has the authority to waive the exhaustion requirement in addressing the jurisdictional issue, the United States notes that many district courts have expressly rejected this assertion, even in light of the current pandemic. Although some district courts have held otherwise, a district judge in the Southern District of New York observed in an opinion issued April 14, 2020, that "the vast majority of courts to have considered the issue have 'concluded that a failure to satisfy 18 U.S.C. § 3582(c)(1)(A)'s filing requirements bars defendants from filing motions for compassionate release, and that the judiciary has no power to craft an exception to these requirements for defendants seeking release during the COVID-19 pandemic.'" *United States v. Rabadi*, 2020 WL 1862640, at *3 (S.D.N.Y. Apr. 14, 2020) (quoting *United States v. Alam*, 2020 WL 1703881 (E.D. Mich. Apr. 8, 2020).[1]

---

[1] *See, e.g., United States v. Gillis*, 2020 WL 1846792 (C.D. Cal. Apr. 9, 2020); *United States v. Meron,* 2020 WL 1873900 (E.D. Cal. Apr. 15, 2020); *United States v. Hembry*, 2020 WL 1821930 (N.D. Cal. Apr. 10, 2020); *United States v. Smith*, 2020 WL 1903160 (D. Conn. Apr. 17, 2020); *United States v. Perry*, 2020 WL 1676773 (D. Colo. Apr. 3, 2020); *United States v. Zywotko*, 2020 WL 1492900 (M.D. Fla. Mar. 27, 2020); *United States v. Read-Forbes*, 2020 WL 1888856, at *3 (D. Kan. Apr. 16, 2020) (jurisdictional); *United States v. Boyles*, 2020 WL 1819887 (D. Kan. Apr. 10, 2020); *United States v. McCann*, 2020 WL 1901089, at *2 (E.D. Ky. Apr. 17, 2020); *United States v. Carter*, 2020 WL 1808288 (S.D. Ind. Apr. 9, 2020); *United States v. Hofmeister*, 2020 WL 1811365, at *3 (E.D. Ky. Apr. 9, 2020); *United States v. Reeves*, 2020 WL 1816496 (W.D. La. Apr. 9, 2020); *United States v. Lugo*, 2020 WL 1821010, at *3 (D. Me. Apr. 10, 2020); *United States v. Johnson*, 2020 WL 1663360, at *3-6 (D. Md. Apr. 3, 2020); *United States v. Underwood*, 2020 WL 1820092 (D. Md. Apr. 10, 2020); *United States v. Carden*, 2020 WL 1873951 (D. Md. Apr. 15, 2020); *United States v. Mathews*, 2020 WL 1873360 (E.D. Mich. Apr. 15, 2020); *United States v. Annis*, 2020 WL 1812421, at *2 (D. Minn. Apr. 9, 2020) (Tunheim, C.J.); *United States*

Even if this Court had jurisdiction, the United States asserts that release is not appropriate. The United States reasserts the arguments set forth in its initial response.

**Wherefore**, the United States respectfully requests that this Court dismiss the defendant's motion for failure to comply with the exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A).

Respectfully submitted,

CODY HILAND
United States Attorney


By:  Patrick Harris
Bar No. 85069
Assistant United States Attorney
P.O. Box 1229
Little Rock, Arkansas 72203
(501) 340-2600
Pat.Harris@usdoj.gov

---

*v. Gardner*, 2020 WL 1867034 (D. Minn. Apr. 14, 2020); *United States v. Eisenberg*, 2020 WL 1808844 (D.N.H. Apr. 9, 2020); *United States v. Demaria*, 2020 WL 1888910, at *3 (S.D.N.Y. Apr. 16, 2020); *United States v. Ogarro*, 2020 WL 1876300, at *3 (S.D.N.Y. Apr. 14, 2020); *United States v. Gross*, 2020 WL 1862251 (S.D.N.Y. Apr. 14, 2020); *United States v. Pereyra-Polanco*, 2020 WL 1862639 (S.D.N.Y. Apr. 14, 2020); *United States v. Roberts*, 2020 WL 1700032 (S.D.N.Y. Apr. 8, 2020); *United States v. Woodson*, 2020 WL 1673253 (S.D.N.Y. Apr. 6, 2020); *United States v. Weiland*, 2020 WL 1674137 (S.D.N.Y. Apr. 6, 2020); *United States v. Schultz*, 2020 WL 1872352 (W.D.N.Y. Apr. 15, 2020); *United States v. Allen*, 2020 WL 1878774 (N.D. Ohio Apr. 15, 2020); *United States v. Simmons*, 2020 WL 1903281 (D. Or. Apr. 17, 2020); *United States v. Holden*, 2020 WL 1673440 (D. Or. Apr. 6, 2020); *United States v. Epstein*, 2020 WL 1808616 (D.N.J. Apr. 9, 2020); *United States v. Petrossi*, 2020 WL 1865758 (M.D. Pa. Apr. 14, 2020); *United States v. Sundblad*, 2020 WL 1650041 (D.S.C. Apr. 3, 2020); *United States v. Feiling*, 2020 WL 1821457 (E.D. Va. Apr. 10, 2020); *United States v. Fuller*, 2020 WL 1847751 (W.D. Wash. Apr. 13, 2020); *United States v. Carver*, 2020 WL 1604968 (E.D. Wash. Apr., 1, 2020); *United States v. Fevold*, 2020 WL 1703846, at *1 (E.D. Wis. Apr. 8, 2020).